

## Court of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00459-CV

Glenn R. **DEXTER**,
Appellant

v.

Reisel R. **STRICKLAND** and Bobbie Sue Strickland,
Appellees

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 08-07-0443-CVW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

This is an appeal from a take-nothing no-evidence summary judgment rendered in favor of the appellees on all of appellant's claims. Because the summary judgment granted more relief than was requested, we affirm in part and reverse and remand in part.

## BACKGROUND

Appellant, Glenn Dexter, was the owner of a tract of land in Wilson County, Texas. In 2004, the Floresville Independent School District and Wilson County obtained a judgment

against Dexter for unpaid taxes on the property. The property was later sold at a public auction to Gus Brieden. Pursuant to his rights under the Texas Tax Code, Dexter expressed his desire to redeem the property; however, he lacked the funds to pay the redemption amount of $23,375.11 to Brieden. To accomplish the redemption of the property, Dexter entered into an agreement with the appellees, Reisel and Bobbie Sue Strickland, under which the Stricklands would deliver the $23,375.11 to Brieden in exchange for Brieden executing a Cash Warranty Deed that conveyed a life estate to Dexter and the remainder estate to the Stricklands. Under the Cash Warranty Deed, Dexter had the right to receive the rents, revenues, and profits from the property for and during his natural life on the condition he pay one-half of all ad valorem taxes during the term of his life estate.

Dexter and the Stricklands also executed an Option to Purchase Real Estate that gave Dexter an option to purchase the property from the Stricklands under the following conditions:

> The Option may be exercised by written notice to [the Stricklands] of the Remainder Interests by [Dexter] at any time prior to the end of the [one-year option] period and the Payment of the sum of [$23,375.11] prior to the end of the option period.
> After receipt of the cash consideration, the [Stricklands] shall deliver a Cash Warranty Deed to [Dexter].

Within the year, Dexter gave the Stricklands written notice of his intent to purchase the property. In his written notice, Dexter stated

> . . . I have on hand a cashier's check to Reisel Strickland for the full and final payment of [$23,375.11] and a receipt for payment of the current year taxes in the amount of [$1,411.57].
> After receipt of the cash consideration, you Reisel Strickland . . . shall deliver the cash warranty deed to [Dexter].

Dexter did not include the cashier's check with the written notice, and the Stricklands did not convey the warranty deed to Dexter. About two years later, Dexter filed suit against the Stricklands for breach of contract and failure to perform under the Cash Warranty Deed and the

Option to Purchase Real Estate. The Stricklands filed a no-evidence motion for summary judgment on the grounds that there was no evidence Dexter paid the sum of $23,375.11 to the Stricklands prior to the end of the option period. The Stricklands argued that Dexter's partial performance of the Option to Purchase Real Estate—giving notice he had a check—did not give rise to any duty on their part to perform their obligation under the agreement. The trial court granted the Stricklands' motion and Dexter now appeals.

## GROUNDS FOR SUMMARY JUDGMENT

Language in a summary judgment that expressly disposes of all claims and parties is a final and appealable order "even though the record does not provide an adequate basis for rendition of judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "[I]f a defendant moves for summary judgment on only one of [multiple] claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Id.* Here, the Stricklands did not move for summary judgment on Dexter's claim that they breached the Cash Warranty Deed by failing to pay him rents and their share of the taxes. Nevertheless, the trial court rendered a summary judgment in favor of the Stricklands in which the trial court dismissed Dexter's "original, supplemental, and amended petitions" and adjudged that Dexter take nothing on his claims. Accordingly, the trial court's judgment was a final judgment encompassing all of Dexter's claims; but because Dexter's claim that the Stricklands breached the Cash Warranty Deed was not addressed in the Strickland's motion, summary judgment on that claim was erroneous. *Id.*

When a trial court grants more relief than requested and, as a consequence, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable. *Lehmann*, 39 S.W.3d at 202, 205-06. In that situation, a court of appeals must

consider all matters raised on appeal and reverse only those portions of the judgment that were rendered in error. *Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997). Accordingly, we reverse the trial court's judgment in favor of the Stricklands on Dexter's claim that the Stricklands breached the Cash Warranty Deed and remand that claim to the trial court for further proceedings. We next consider the merits of the remaining claim.

## OPTION TO PURCHASE REAL ESTATE

In response to the Strickland's no-evidence motion on the Option to Purchase Real Estate, Dexter filed an affidavit in which he attested to various complaints regarding failure to pay taxes, failure to pay rents, and damage to the property allegedly caused by the Stricklands. His affidavit did not address his failure to pay the sum of $23,375.11 to the Stricklands prior to the end of the option period. Dexter later filed a second response to the motion for summary judgment; however, at the summary judgment hearing, the Stricklands objected to the response as untimely. The trial court sustained the objection on the record and stated it would only consider Dexter's affidavit as his summary judgment response. On appeal, Dexter does not challenge this ruling.

A no-evidence summary judgment motion is properly granted when the non-movant fails to bring forth more than a scintilla of probative evidence that raises a genuine issue of material fact. *Gomez v. Tri City Cmty. Hosp., Ltd.*, 4 S.W.3d 281, 283 (Tex. App.—San Antonio 1999, no pet.); TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists if the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* Because Dexter did not present more than a scintilla of evidence as to the elements of his breach

of the Option to Purchase Real Estate, the trial court did not err in rendering a take-nothing summary judgment in favor of the Stricklands on this claim.

## CONCLUSION

We reverse the trial court's summary judgment in favor of the Stricklands on Dexter's claim that the Stricklands breached the Cash Warranty Deed and remand that claim to the trial court for further proceedings.  The summary judgment is affirmed in all other respects.


Sandee Bryan Marion, Justice